```
              IN THE UNITED STATES BANKRUPTCY COURT
                   WESTERN DISTRICT OF KENTUCKY

IN RE:                                      )
                                            )
Ashlee Smith-Couch                          ) CASE NO. 15-30084
                                            )
                                            )
Debtor                                      )
                                            ) AP NO.
Ashlee Smith-Couch                          )
(Plaintiff)                                 )
                                            )
v.                                          )    Chapter 7
                                            )
Southeastern Emergency Services, P.C.       )
(Defendant)                                 )
                                            )
       Serve:                               )
                                            )
   CSC-Lawyer's Inc. Service Company        )
   421 W. Main                              )
   Frankfort, KY 40601                      )
                                            )
```

**Complaint under 11 U.S.C. § 547 for
Recovery of Preferential Transfer of Funds**

**I.   Introduction**

    1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 547(b) of the Bankruptcy Code, to recover avoidable transfers made by the Debtor to the Defendant.

    2. This Court has jurisdiction of this case proceeding under 28 U.S.C. § 1334. This proceeding is a core proceeding.

**II.  Parties**

    3. Plaintiff is an individual residing in Jefferson County, KY.

    4. Defendant Southeastern Emergency Services, P.C. is organized under Tennessee law and is located in Knoxville, TN.

### III. Facts

6. On January 12, 2015, Debtor filed for Chapter 7 Bankruptcy relief.

7. In the 90 days prior to January 12, 2015, Defendant garnished more than $600.00 from Debtor's wages.

8. The involuntary transfer of the garnished funds set forth in ¶7 occurred within 90 days before the filing of Debtor's Chapter 7 petition.

9. Debtor was presumptively and actually insolvent at the time of the transfer.

10. The involuntary transfer was made in connection with antecedent debt before the garnishment occurred.

11. By virtue of the garnishment, Defendant received more than it would have received if the Debtor's estate had been liquidated under Chapter 7.

12. On March 31, 2015, the panel trustee assigned to Debtor's case entered an order of no distribution.

### IV. Cause of Action

13. The above-described garnishment of Ms. Smith Couch's wages is a voidable preference under 11 U.S.C. § 547(b).

14. Under 11 U.S.C. § 522(h), Debtor may use the trustee's strong arm powers under § 547(b) to avoid the transfer of the garnished funds.

-3-

WHEREFORE, Plaintiff requests that this Court:

    1. Declare the garnishments to Debtor's wages be declared an avoidable preference and award judgment against Southeastern Emergency Services, P.C. in an amount to be proved at trial;

    2.  Award pre-judgment and post-judgment interest;

    3.  Award reasonable attorney's fees; and

    3.  Grant such other relief as is just and proper.

April 17, 2015

                                        /s/ James H. Lawson  
                                        James H. Lawson  
                                        115 S. Sherrin Avenue  
                                        Suite #4  
                                        Louisville, KY 40207  
                                        502-473-6525  
                                        502-473-6561  
                                        james@kyconsumerlaw.com